**9**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff/Debtor
Virenda and Suman Mishra


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO


IN THE MATTER OF                CASE NO. 11-46172-B-12J

MISHRA, VIRENDA
MISHRA, SUMAN

_____Debtors_____/

MISHRA, VIRENDA                **ADVERSARY COMPLAINT FOR:**
MISHRA, SUMAN
                               **1.   VIOLATION OF 11 U.S.C. 524(i)**
        Plaintiffs,            **2.   BREACH OF CONTRACT**
                               **3.   ATTORNEY FEES AND COSTS**
v.                             **4.   RULE 65 REQUEST FOR PRELIMINARY**
                               **     INJUNCTION AND RESTRAINING**
                               **     ORDER**

WELLS FARGO BANK, N.A.

_____Defendant._____/

    COMES NOW; Virenda and Suman Mishra, Plaintiffs in the instant
adversary proceeding and Debtors in the underlying Chapter 12
bankruptcy case (hereinafter "Plaintiffs"), by and through their
attorney of record, Peter G. Macaluso, and alleges as follows:

**I.   PRELIMINARY STATEMENT**

    In this instance, Defendant's, Wells Fargo Bank, N.A.
(hereinafter "Defendant"), claim for arrears and on-going monthly

-1-

payments were paid, and unsecured claims discharged in the Chapter 12 case, but Defendants have failed to honor the confirmed plan, and apply the payments received under the confirmed plan properly by failing to credit the amounts required under the plan and contract, ignoring the payments directed for this claim and have instead recorded a "Notice of Default and Election to Sell Under Deed of Trust on May 17, 2017", causing material injury to Plaintiffs (See Exhibit #1).

In addition to this complaint, Plaintiffs seek an injunction stopping the scheduled FORECLOSURE SALE on September 6, 2017, until the resolution of this complaint. Counsel for Plaintiffs has attempted contact with Barrett Daffin Frappier Treder & Weiss, LLP, whom had represented Defendant in the underlying Chapter 12, and whom have advanced the foreclosure under California State Court. Absent an injunction to stop the schedule sale on September 6, 2017, the property will be sold to a third party and a remedy insufficient at that time, given the payments alleged to be missing were paid through the Chapter 12 and subject to a motion to value as a Class 2 claim (See Exhibit #2).

**II.   ALLEGATIONS OF JURISDICTION AND VENUE**

1.   Plaintiffs filed a petition for relief under Chapter 12 of the Bankruptcy Code on November 3, 2011.

2.   This adversary proceeding is brought in connection with Plaintiffs' underlying bankruptcy case under Chapter 12 of Title 11, case number 11-46172-B-12J.

3.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.   The complaint, as set forth herein, involves the voiding of the secured status of a claim pursuant to 11 U.S.C. § 506, and as such constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) & (L).

5.   Plaintiffs contend that the cause of action pursuant to the California Civil Code in this matter are part of the core proceeding, as it would only arise, but for the initial order to value the collateral as well as the resulting confirmed and completed Chapter 12 Plan (See Exhibit #3).

6.   Plaintiffs further contends that the cause of action pursuant to the California Civil Code in this matter is not preempted by the bankruptcy code as the bankruptcy code does not provide a specific remedy at the time of this complaint being filed as the lien removal is a State law by-product of the Bankruptcy Court's determination that the defendant's security was rendered void at the completion of the Plan.

7.   To the extent that any part of this matter is deemed non-core, Plaintiffs consent to this Court rendering a final judgment.

**III.  GENERAL ALLEGATIONS**

8.   Plaintiffs' bankruptcy schedules state that the Plaintiffs' residence, commonly known as 7612 50th Ave., Sacramento, CA., 95828 (hereinafter "Subject Property"), held a note secured by a first deed of trust, in the amount of $129,062.95.00. The note was in arrears and to be cured in the amount of $4,672.52 as of the date the Chapter 12 case was filed.

9.   The note provides for payment of attorney fees and costs to the prevailing party in the event of litigation.

10.   Plaintiffs' confirmed Chapter 12 Plan provides that the 1st deed of trust shall receive regular on-going monthly payments of $52,107.04, and a dividend of $4,672.52, each month to cure the arrears over the life of the plan.

11.   Plaintiffs completed the plan and were discharged on April 17, 2017 (See Exhibit #4).

12.   Pursuant to 11 U.S.C. § 506(a), as of the date of filing of the underlying case, only the Senior Lien-Holder holds a secured claim against the Subject Property.

13.   Plaintiffs have completed their case and Defendant has not properly applied the payments, despite the fact that Plaintiffs Chapter 12 plan provides that the creditor apply all payments received under a confirmed plan in the manner required under the plan, including crediting the amounts required under the plan in the manner required by the plan.

14.   Plaintiffs bring this action as a result of the failure of Defendant, Wells Fargo Bank, N.A., to willfully fail to properly apply the payments received under the confirmed plan. These payments are reflected in the Chapter 12 Trustee's Payment History (See Exhibit #5).

15.   As the payments made by the Chapter 12 Trustee was not applied as required by the confirmed plan claim, Defendant has failed to credit payments in the manner required by the plan caused material injury to Plaintiffs.

///

-4-

**IV.   PARTIES**

16.   Plaintiffs, Virenda and Suman Mishra, are the debtors in the underlying bankruptcy case, case no. 11-46172-B-12J, and reside in the Subject Property, commonly known as: 12735 Cherokee Lane, Galt, CA 95632-8538, and the property at 7612 50th Ave., Sacramento, CA. 95828, is the debtors' rental.

17.   Defendant, Wells Fargo Bank, N.A., is a National Association that held the 1st Deed of Trust and note during the pendency of the Chapter 12 case and are attempting to foreclose on the Subject Property despite their claim being paid in the underlying bankruptcy plan.

**V.   CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(VIOLATION OF 11 U.S.C. 524(i))**

18.   Plaintiffs incorporate all of the above allegations as set forth herein at length.

19.   Defendant willfully failed to credit the payments received under the confirmed Chapter 12 plan.

20.   The Chapter 12 plan was not revoked, nor in default, nor has Defendant not received payments required to be made under the plan in the manner required by the plan.

21.   Pursuant to 11 U.S.C. 524(i), Defendant has violated the Chapter 12 plan injunction.

22.   11 U.S.C. 524(j) is not applicable as subsection, as the security retained is not Plaintiffs' principle residence.

23.   Defendant has violated the discharge injunction under subsection (a)(2).

///

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)

24.  Plaintiffs incorporate all of the above allegations as set forth herein at length.

25.  By and through the 1st Deed of Trust and the Note, Plaintiffs and Defendants entered into a written contract (hereinafter "Contract #1).

26.  Plaintiffs allege that the Subject Property, including said Note became property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 12 case.

27.  Plaintiff and Defendant formed a contract through the formation of a confirmed Chapter 12 plan (hereinafter "Contract #2").

28.  Defendant breached the terms of both contracts when they failed to properly apply all payments under the Chapter 12 plan received in the Chapter 12 plan.

29.  As a direct and proximate result of Defendant's breaching the terms of the contract(s), Plaintiffs suffered damages.

30.  Plaintiffs completed their Chapter 12 Plan.

31.  Defendant was placed on additional notice by the BNC's notification of the filing of the Trustee's final report after plan confirmation (See Exhibit #6).

32.  In spite of Plaintiffs' full compliance with the Court approved Chapter 12 plan, Defendant failed and refused, and continues to fail and refuse, to properly account for all funds received.

33.  Defendant has a history of refusing to reconvey deeds of trust required to be removed upon completion of Chapter 12/13 cases

-6-

and thereby it is commonplace that debtors are forced to file adversary proceedings to obtain a proper accounting.

34.   As a proximate result of Defendant's failure and refusal to comply with their obligations, Plaintiffs have been required to file an adversary proceeding, at substantial cost, which is a direct breach of Defendant's statutory duty and has damages Plaintiffs by this cost.

35.   Defendant herein, liable to Plaintiffs for all damages sustained by Plaintiffs.

### THIRD CAUSE OF ACTION
**(Attorney Fees and Costs)**

36.   Plaintiffs incorporate all of the above allegations as set forth herein at length.

37.   Defendants breached the terms of the contract when Defendant failed to properly apply all funds received.

38.   By contract, the Note and 1ST Deed of Trust contain an attorney's fees and cost provision for the benefit of Defendants.

39.   As such, under California Civil Code § 1717, a reciprocal contractual attorney's fees statute, Plaintiffs are entitled to reimbursement of attorney's fees.

40.   Therefore, Plaintiff requests an award of attorney's fees in an amount the Court determines to be reasonable, as authorized by the provisions of the contract between the parties and pursuant to the California statues cited herein.

### FOURTH CAUSE OF ACTION
**(RULE 65 INJUNCTIONS & Restraining Order)**

41.   Plaintiffs incorporate all of the above allegations as set forth herein at length.

42.   The Plaintiff has specifically noticed this adversary proceeding, and has set this Rule 65(b) Temporary Restraining Order ("TRO")Request for a noticed hearing has been filed and set concurrently with this complaint.

43.   The allegations in the complaint relate to the forthcoming foreclosure sale which will cause Plaintiffs irreparable harm if not prevented before the scheduled sale of September 6, 2017.

44.   Plaintiffs have attempted to contact counsel for Defendant, Defendant, and other outside counsel to no avail.

45.   Plaintiffs have no adequate remedy absent the court granting this TRO.

## VI.   REQUEST FOR JUDGMENTS AND ORDERS

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

a.   That the Court issue a TRO to prevent the scheduled foreclosure sale of September 6, 2017.

b.   That the Court issue a judgment holding Defendant to properly apply all funds received from the Chapter 12 case and/or Plaintiffs;

c.   For attorney's fees and costs as allowed for in the contract between Plaintiffs and Defendant and pursuant to California Civil Code § 2941.

d.   For damages pursuant to Breach of Contract.

e.   For all costs of suit incurred in this action including attorney's fees; and

f.   For such other and further relief as the Court deems just

and proper.

     g.    That Plaintiffs have such other and further relief as may

          be deemed just.

Respectfully submitted,

Dated: August 14, 2017          /s/Peter G. Macaluso
                                  Peter G. Macaluso
                                  Attorney for Plaintiff

-9-